UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Andrea Williams, as Personal Representative of the Estate of Mya Carlton, deceased,

Plaintiff(s),

v.

County of Kent, et al,

Defendant(s).

No. 1:26-cv-01804-RSK

# Joint Status Report[1]

A Rule 16 Scheduling Conference is scheduled for November 12, 2026, before Hon. Ray Kent. Appearing for the parties as counsel will be Sam Harton and Josh Levin for the Plaintiff and Kyle P. Konwinski for Defendants.

1. **Jurisdiction**: The basis for the Court's jurisdiction is federal question jurisdiction. This is a civil rights action arising under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution. The Court has subject matter jurisdiction over the federal-law claims pursuant to 28 U.S.C. §§ 1331 and 1343. The Court additionally has subject matter jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367 as those claims arise from the same transaction and occurrence as Plaintiff's federal claims.

2. **Jury or Non–Jury**: This case is to be tried before a jury.

[1] The parties filed a joint status report on October 13, 2026, which contained much of the same information contained herein. The parties file this new status report, however, to abide by the form required by the Court in its October 20, 2026 Order. ECF 19 (Page ID.94).

3. **Judicial Availability**: Plaintiff consents to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial and to order the entry of final judgment. Defendants **do not** consent.

4. **Statement of the Case**: The parties provide their respective statements below.

Plaintiff's Position: This matter arises out of nineteen-year-old Mya Carlton's death by suicide while she was detained at the Kent County Correctional Facility (KCCF) in Kent County, Michigan. Plaintiff alleges that while in custody at KCCF awaiting trial, Ms. Carlton repeatedly told staff that she was suicidal and needed mental health support but was denied access to medical and mental health providers, mocked by correctional staff, and threatened with solitary confinement. Ms. Carlton was ultimately placed in a solitary confinement cell, where staff failed to monitor her. On June 10, 2025, while left unmonitored and without the treatment she had requested, Ms. Carlton hanged herself in her cell using items of her clothing.

Plaintiff is Ms. Carlton's mother and the personal representative of her estate. She brings Fourteenth Amendment claims under 42 U.S.C. § 1983 against the following defendants: two officers, Bowman and Sanchez, with whom Ms. Carlton interacted prior to her death; Kent County, which owns and operates KCCF (pursuant to Monell); and Sheriff Michelle LaJoye-Young (in her official and individual capacities), who is the chief policymaker for Kent County on matters pertaining to the operation of KCCF. Plaintiff also brings state law gross negligence

claims against Defendants Bowman, Sanchez, and LaJoye-Young. Plaintiff alleges that the conduct of Defendants Kent County, Bowman, Sanchez, and LaJoye-Young violated Ms. Carlton's rights under federal and state law and proximately caused Ms. Carlton's pain, suffering, and death.

Defendants' Position: Defendants deny liability and all alleged wrongdoing in this case. Defendants deny that they were deliberately indifferent to any serious medical or mental health need of Ms. Carlton, and they deny any liability arising from the customs, practices, or policies of Kent County. Defendants will assert all applicable defenses, including, but not limited to, qualified immunity and governmental immunity. Furthermore, although discovery has not yet started, Defendants reserve all rights to challenge whether Ms. Carlton's death was caused by Defendants' actions.

On September 8, 2026, Defendants filed a partial motion to dismiss Counts III and IV of the Complaint under Fed. R. Civ. P. 12(b)(6). Therein, Defendants argue the following: Count III fails because the Complaint does not allege that Sheriff LaJoye-Young was personally involved in the alleged constitutional violation. Instead, it repackages Plaintiff's official-capacity Monell claim as an individual-capacity supervisory liability claim. Count IV fails because gross negligence is not an independent cause of action under Michigan law and, even if it were, Defendants' alleged conduct was not "the proximate cause" of Ms. Carlton's death under MCL 691.1407(2). Alternatively, the Court should decline to exercise supplemental jurisdiction over Count IV.

5. **Prospects of Settlement**: The parties have not yet engaged in settlement discussions. The parties believe that discovery must begin in order to engage fruitful negotiations.

6. **Pendent State Claims**: This case does include pendent state claims. Plaintiff has alleged Gross Negligence pursuant to Michigan Law against Defendant LaJoye-Young, Bowman, and Sanchez. Defendants have filed a Rule 12 motion seeking dismissal of that count.

7. **Joinder of Parties and Amendment of Pleadings**: Plaintiff expects to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by March 19, 2027. Defendant does not agree that any joiner or amendment would be appropriate.

8. **Disclosures and Exchanges**:

a. The parties are to exchange Rule 26(a)(1) disclosures on or before December 1, 2026.

b. Plaintiff expects to be able to furnish the names of Plaintiff's expert witnesses on or before June 21, 2027.

c. Defendants expect to be able to furnish the names of Defendants' expert witnesses on or before July 21, 2027.

d. It would be advisable in this case to exchange written expert witness reports as contemplated by Fed. R. Civ. P. 26(a)(2). Plaintiff will serve expert disclosures and written reports containing the information required by Fed. R. Civ. P. 26(a)(2)(B)

on or before August 20, 2027. Defendants will serve expert disclosures and written reports containing the information required by Fed. R. Civ. P. 26(a)(2)(B) as applicable, on or before October 4, 2027.

e. The parties have agreed to make available the following documents without the need of a formal request for production: Defendants agree to produce Mya Carlton's standard electronic file.

9. **Discovery**: Fact discovery is to close on August 20, 2027. Expert discovery is to close on December 3, 2027. Discovery may occur regarding the mental health care and treatment Ms. Carlton received; Defendants' knowledge (or lack thereof) of Ms. Carlton's suicide risk; Defendants' responses to Ms. Carlton's suicide risk; the events of June 10, 2025, including Ms. Carlton's placement in the Disciplinary Restricted Unit and the monitoring of that unit; Kent County and LaJoye-Young's official policies and unofficial practices and customs related to mental health care, supervision of detainees, suicide prevention, and solitary confinement in the KCCF; the cause of Ms. Carlton's death; and Plaintiff's damages. This case will require expert discovery.

Given the complexity of Plaintiff's claims, particularly her *Monell* claim, Plaintiff anticipates needing more than the ten depositions permitted under Federal Rule of Civil Procedure 30(a)(2)(A)(i). She therefore requests leave for each side to take up to 20 depositions. Defendants oppose this request and believes that the 10-deposition limit is appropriate.

10. **<u>Disclosure or Discovery of Electronically Stored Information</u>**: Plaintiff expects that an ESI protocol will be necessary, and is currently drafting such a protocol. Defendants do not expect one will be necessary. In any event, once Plaintiff's draft is complete, Plaintiff will provide it to Defendants, and the parties will confer on its parameters and attempt to come to an agreement.

11. **Assertion of Claims of Privilege or Work−Product Immunity After Production**: The parties will abide by Fed. R. Civ. P. 26(b)(5).

12. **Motions**: The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositive motions, counsel or pro se parties involved in the dispute shall confer in a good−faith effort to resolve the dispute. In addition, all nondispositive motions shall be accompanied by a separately filed certificate. Defendants have filed a Rule 12 motion that seeks to dismiss two of Plaintiff's four counts. Plaintiff filed a response on October 20, 2026.

13. **Alternative Dispute Resolution**: In the interest of conserving judicial resources, the parties acknowledge that the Court will require the parties to participate in some form of Alternative Dispute Resolution.

The parties require document production and party depositions prior to conducting alternative dispute resolution in order to make alternative dispute resolution most effective. The parties prefer to conduct alternative dispute resolution between February 1, 2027, and April 1, 2027. The parties recommend that this case be submitted to the following method of alternative dispute

resolution: voluntary facilitative mediation.

14. **Length of Trial**: Counsel estimate the trial will last approximately 7-10 business days total.

15. **Electronic Document Filing System**: Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule.

16. **Other**: Plaintiff believes an extended discovery period is warranted given the complexity of Plaintiff's claims and propose that fact discovery close on August 20, 2027, and expert discovery close on December 3, 2027. Most pertinently, Plaintiff alleges that Kent County maintained unconstitutional practices and customs so persistent and widespread as to carry the force of law, and Plaintiff intends to seek discovery concerning those practices and customs. .

/s/ Sam Harton

**ROMANUCCI & BLANDIN, LLC**
Joshua Levin
Sam Harton
321 N. Clark Street, Suite 900
Chicago, IL 60654
312-458-1000
312-458-1004 (fax)
jlevin@rblaw.net
sharton@rblaw.net
*Attorneys for Plaintiff*

/s/ Kyle P. Konwinski

**Varnum LLP**
Kyle P. Konwinski (P76257)
Morgan M. Rubino (P89003)
P.O. Box 352
Grand Rapids, MI 49501-0352
(616) 336-6000
kpkonwinski@varnumlaw.com
mmrubino@varnumlaw.com
*Attorneys for Defendants*